JULIE MCKEY,                                    CIVIL NO. 17-5058 (JRT/DTS)

      Plaintiff,

v.                                              <u>ORDER</u>

U.S. BANK NATIONAL ASSOCIATION,

      Defendant.

---

Brian Rochel, Esq., Teske, Katz, Kitzer & Rochel, PLLP, 222 S. 9th St. #4050, Minneapolis, MN 55402 for plaintiff.

Ellen Brinkman. Esq. and Kristin Emmons, Esq., Briggs & Morgan, PA, 80 S. 8th St. #2200, Minneapolis, MN 55402 for defendant.

---

# INTRODUCTION

In her lawsuit alleging age-based employment discrimination, Plaintiff Julie McKey ("McKey") seeks (1) to compel the production of personnel files for similarly situated employees and (2) leave to continue the depositions of relevant witnesses based upon such production.[1] For the reasons addressed below, the Motion to Compel is GRANTED IN PART and DENIED IN PART.

---

[1] McKey had also initially moved for sanctions and sought leave to continue the deposition of certain witnesses based upon conduct in their depositions. *See* Pl.'s Mot. to Compel and for Sanctions, Docket No. 21. Prior to the hearing on the motion, the parties resolved these issues and McKey accordingly withdrew her motion for sanctions and request to re-open the relevant depositions. *See* Pl.'s Second Am. Meet and Confer Statement 7, Docket No. 39. That resolution is incorporated into this Order.

**FACTS**

McKey worked for Defendant U.S. Bank National Association ("U.S. Bank") for 41 years. Compl. ¶ 7, Docket No. 1. In May 2016, McKey was placed on a sixty-day performance improvement plan ("PIP"). Compl. at ¶ 27. After being placed on the PIP, McKey informed human resources personnel she believed she was being subjected to age discrimination. Compl. at ¶ 28. In October 2016, McKey's employment was terminated by U.S. Bank. Compl. at ¶ 7, Docket No. 1. McKey alleges her termination was based upon her age or her report to human resources. Compl. ¶¶ 48, 52. U.S. Bank maintains that McKey was terminated for performance-based issues. Def. Mem. Opp. to Mot. to Compel and for Sanctions 2-3, Docket No. 27.

On May 15, 2018, McKey brought this Motion to Compel. The remaining discovery dispute is based on McKey's April 2, 2018 request that U.S. Bank produce the complete personnel records of each employee who reported directly to Yvonne Mehsikomer from January 1, 2013 to present. Rochel Decl. Ex. K, at 1 (Pl.'s Req. Prod. No. 29), Docket No. 30. Two days later, McKey proposed to narrow the scope of the requested documents to those pertaining to discipline, termination, performance conduct, or performance evaluation and limited the time period from January 1, 2015 to present. Pl.'s Second Am. Meet and Confer Statement ¶ 9, Docket No. 39. This narrowed the number of individuals whose records would be subject to the request to nineteen. Def. Mem. Opp. 6, Docket No. 27. U.S. Bank objected to the personnel record request made on April 2, 2018 on multiple grounds. Rochel Decl. Ex. L, at 3, Docket No. 30. U.S. Bank maintains the proposed April 4th narrowing of the scope of documents is still disproportionate to the needs of the case.

**ANALYSIS**

## I.    Discovery standard

Rule 26 of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Generally, Rule 26 "is to be construed broadly and thus encompasses 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issues that is or may be in the case.'" *In re Mild Prods. Antitrust Litig.*, 84 F.Supp.2d 1016, 1027 (D. Minn. 1997) (quoting *Oppenheimer Fund Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). However, courts must balance the interests of the case with the burdens discovery may impose. *Amador v. U.S. Bank Nat'l Assoc.*, 2017 WL 5151680, at *5 (D. Minn. Nov. 6, 2017) (stating that the new proportionality language requires "giving due consideration to the importance of the information, issues of access, and the balance between the burden of production and expense and the benefit of the information").

## II.    McKey's record request

### A.  Proportionality

U.S. Bank argues that McKey's motion to compel should be denied because the requested discovery is disproportionate to the needs of the case. Def. Mem. Opp. 13, Docket No. 27. U.S. Bank contends that 2015 Amendments to Rule 26(b)(1), specifically the addition of the word "proportional", alter the Court's analysis of discovery requests. *Id.* However, the concept of proportionality has been enshrined within 26(b) since the 1983 Amendments. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. Furthermore, "restoring the proportionality calculation to Rule 26

does not change the existing responsibilities of the court." *Id.* Most of the proportionality factors set forth in 26(b)(1) have been part of the discovery rules since the 1983 and 1993 Amendments. *Id.* In 2015, the committee added the sixth factor regarding parties' relative access to information but made clear that this addition was simply to make explicit that which had already been implied within rule 26(b). *Id.*

McKey's narrowed request is relevant and proportionate to the needs of this case. Because McKey's claim is one of unlawful discrimination, it will almost certainly "require indirect, inferential, or circumstantial evidence" to succeed. *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 516 (D. Minn. 1997). In employment discrimination cases, a plaintiff may offer comparator evidence to show that they were treated differently than other employees who were "similarly situated in all relevant respects" for committing "infractions of comparable seriousness." *Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1084-85 (8th Cir. 2013). While the comparator evidence is strongest "when the circumstances faced by the putative comparators are most similar to the plaintiff's," the plaintiff is not required to compare herself to employees who "engaged in the exact same offense."[2] *Id.* at 1085 (internal quotations omitted).

Here, McKey seeks the disciplinary records of individuals similarly situated to herself in that they reported in recent years to the same immediate supervisor who recommended McKey's termination. She need not limit her request to those fellow

---

[2] U.S. Bank relies upon *Johnson v. Securitas Security Services USA, Inc.*, 769 F.3d 605 (8th Cir. 2014), to argue that McKey has failed to show that each employee whose records she seeks is "similarly situated in all relevant respects" and "engaged in the same conduct" as McKey. Def.'s Mem. Opp. 10. However, that is the standard a plaintiff must meet at the summary judgment stage for the court to draw a favorable inference for her on the issue of pretext. *See Securitas*, 769 F.3d at 613. This standard does not define the limits of discovery.

employees who were on a PIP, as it would be relevant to show that younger employees who committed similarly serious infractions were never placed on PIP. *See id.* at 1086 (holding that an employee who was also accused of poor performance by the same supervisor as plaintiff, but who was demoted instead of fired, was a valid comparator). McKey is not claiming that younger individuals on a PIP were treated more leniently, but that younger employees under Meshikomer's supervision were.

Further, it is not clear how else McKey could obtain the detailed information contained in the disciplinary records of other employees. Such records are in the sole possession of U.S. Bank. Deposing other employees and agents of U.S. Bank would be no substitute for the complete and detailed picture that the full set of disciplinary records may provide.

Finally, U.S. Bank has failed to demonstrate that, given the potentially dispositive nature of the records and the fact that it has sole possession of them, the cost of producing the records would be unduly burdensome relative to the value of the information to the case. While U.S. Bank suggests that it could take 3-5 hours to compile each file requested, *see* Guse Decl., it does not offer a monetary estimate of that time. *See id.* Even if the costs in time and money are significant, they are commensurate to the needs of the case for the reasons previously noted. *Cf. Amador v. U.S. Bank Nat'l Ass'n*, 2017 WL 5151680, at *5-6 (D. Minn. Nov. 6, 2017) (overturning the magistrate's denial of a motion to compel production of Customer Advice Debit slips from a single branch because a "properly limited" discovery request was not overly burdensome given the defendant claimed it fired the plaintiff, in part, for misusing the CAD slips).

## B. Appropriate scope

While the records are proportionate, and thus discoverable, the Court has previously recognized that employment records should be limited in their scope to balance the needs of the case with the privacy interests of the non-party employees. *See Onkwuka v. Federal Express Corp.*, 178 F.R.D. 508 (D. Minn. 1997) (holding that employment records should be limited to a three year period, only those employees that worked at the same facility as the plaintiff, and only information that related to discipline); *Raddatz v. Standard Register Co.*, 177 F.R.D. 466 (D. Minn. 1997) (holding that the files for over 100 employees over ten years was too broad, narrowing the information available and reducing the time frame to four years). While the Court should take appropriate steps to safeguard the privacy interests of non-party employees, pertinent portions of employee records and communications about other employees that are tied to needs of a party's claims remain discoverable. *See Cardenas v. Prudential Ins. Co. of America*, 2003 WL 244640, at *1 (D. Minn. Jan. 29, 2003); *Schaadt v. St. Jude Medical S.C., Inc.*, 2006 WL 7137404, at *10 (D. Minn. May 1, 2006).

Here, McKey limited the scope of her request to documents pertaining to discipline, termination, performance conduct, or performance evaluation, of employees who reported directly to Yvonne Mehsikomer from January 1, 2015 to present. Pl.'s Second Am. Meet and Confer ¶ 9. Along with the existing protective order, this narrowed scope is satisfactory to "assure that only those portions of the pertinent personnel files, which are clearly relevant to the parties' claims" are disclosed and that the privacy interests of the non-party employees are disturbed only so far as necessary to litigate the claims at issue. *See Onkwuka*, 178 F.R.D. at 517. Further, McKey has

satisfactorily articulated why she needs the documentation and how it relates to her claims. She is entitled to the narrowed scope of documents she has requested.

**ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Plaintiff Julie McKey's Motion to Compel [Docket No. 21] is GRANTED IN PART and DENIED IN PART;

2. Within 30 days of the entry of this Order, Defendant U.S. Bank shall produce all documents pertaining to the discipline, termination, performance conduct, or performance evaluation, of all employees who reported directly to Yvonne Meshikomer from January 1, 2015 to present. Any personal information, including medical information or social security numbers, may be redacted;

3. Pursuant to the agreement reached by the parties, Plaintiff may re-open the depositions of Keith Frohlicher and Defendant's corporate representative on the following topics:

   a. For Keith Frohlicher: Exhibit 68;

   b. For Defendant's corporate representative under Fed. R. Civ. P. 30(b)(6): Plaintiff's qualifications relative to the qualifications for the Image Processor 2 and Image Processor 3 positions.

   The depositions shall take place no later than 15 days after the entry of this Order.

4. Plaintiff's request for sanctions is DENIED as moot.

Dated:    July 9, 2018            *s/ David T. Schultz*
                                  DAVID T. SCHULTZ
                                  United States Magistrate Judge